# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. SPEARMAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01492-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

    Plaintiff Jason Scott Harper, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 25, 2009. In his complaint, Plaintiff alleges that he filed a grievance concerning his claims in this action but concedes that the process is not yet complete. (Doc. 1, § II.) Plaintiff alleges his grievance is still pending but asserts this is an urgent matter. (Id.)

    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

///

Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). At the time Plaintiff filed this suit, his appeal was pending at the second level of review. (Doc. 1, § II.)

In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201. ""[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211 (citing Porter, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm or other situational urgency. Because it is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and

1 | Recommendation." Plaintiff is advised that failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5 | IT IS SO ORDERED.

6 | Dated: **October 26, 2009**            /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE